# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Melvin Washington, | Case No. 2:23-cv-01035-ART-DJA |
| Plaintiff, | |
| v. | **Order** |
| Division of Welfare and Supportive Services – Nevada, Cambridge, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 9). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint and allows his Americans with Disabilities Act claim to proceed against Defendant.

**I.      *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 9). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.     Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

After moving to reopen his case, Plaintiff filed a complaint. (ECF No. 6). Because this is the most recent complaint on the docket, the Court screens it. In his complaint, Plaintiff sues the Division of Welfare and Supportive Services – Nevada Cambridge Department ("DWSS") for damages, alleging discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"). (ECF No. 6). DWSS is a division of the Nevada Department of Health and Human Services. *See Department of Health and Human Services Division of Welfare and Supportive Services*, NV.GOV, https://dwss.nv.gov/ (last visited Aug. 22, 2024).

Plaintiff alleges that he is disabled because he is legally blind and is aided by a service dog. (*Id.* at 2). On March 9, 2022, Plaintiff entered the DWSS with his service dog to wait in line to receive food stamps. (*Id.*). However, one of the security guards told Plaintiff that he could not stand in line with his dog. (*Id.*). Plaintiff explained that his dog is a service animal and not a pet, but the security guard was already directing other customers to proceed ahead of Plaintiff in line. (*Id.*). The security guard then asked Plaintiff to provide paperwork or a badge for his service dog. (*Id.*). Plaintiff informed the security guard of his rights under the ADA, but the security guard interrupted him and joked in front of others: "[y]ou sure are looking at me just fine to be so blind." (*Id.* at 2-3). Plaintiff alleges that he was forced to explain his disability in violation of his rights. (*Id.*). Although Plaintiff was eventually allowed inside, the security guard informed him that if his dog barked—which his dog is trained to do in specific situations— Plaintiff would be escorted out of the building. (*Id.*).

In 1990, Congress enacted the ADA to eliminate the discrimination that persons with disabilities faced in essential facets of everyday life. 42 U.S.C. § 12101. Title II of the ADA prohibits discrimination by a public entity, which is defined as "any department, agency, special

purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. §§ 12132, 12131(1)(B). To prove that a public entity violated Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Congress gave the Attorney General the responsibility to promulgate regulations implementing the provisions of Title II of the ADA. 42 U.S.C. § 12134(a). In doing so, the Department of Justice created regulations about public entities' policies regarding service animals. 28 C.F.R. § 35.136. Those regulations provide that:

> A public entity shall not ask about the nature or extent of a person's disability, but may make two inquiries to determine whether an animal qualifies as a service animal. A public entity may ask if the animal is required because of a disability and what work or task the animal has been trained to perform. A public entity shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal.

28 C.F.R. § 35.136(f).

Here, for the purposes of screening, Plaintiff has sufficiently alleged discrimination under Title II of the ADA. Plaintiff has alleged that he has a disability—blindness—and that he was excluded—albeit briefly—from accessing DWSS to obtain food stamps. Plaintiff explains that this exclusion was because of his disability, which required him to have a service dog. He adds that DWSS' security guard violated the ADA regulations that prohibit a public entity from asking about the nature and extent of a person's disability and requiring documentation for a service animal. The Court will thus permit Plaintiff's ADA discrimination claim to proceed against DWSS.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 9) is **granted.** Plaintiff shall not be required to pre-pay the filing fee.

Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's claim for discrimination in violation of Title II of the Americans With Disabilities Act shall proceed against Defendant Division of Welfare and Supportive Services – Nevada, Cambridge.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summons to Division of Welfare and Supportive Services – Nevada, Cambridge. The Clerk of Court is kindly directed to deliver <u>two copies</u>[1] of the summons and <u>two copies</u> of the complaint (ECF No. 6) to the U.S. Marshals Service ("USMS") for service.[2]

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff two copies of Form USM-285.[3]

**IT IS FURTHER ORDERED** that Plaintiff must complete the USM-285 forms for the Defendant and provide addresses where the Defendant can be served with process. Once completed, Plaintiff must provide the completed USM-285 forms to the USMS. Plaintiff shall have until **September 23, 2024** to furnish the USMS with the required forms.

---

[1] The Court directs two copies of these forms to be sent to the USMS because, under Nevada Revised Statute 41.031 and Nevada Rule of Civil Procedure 4.2(d), in actions against the State of Nevada, the summons and a copy of the complaint must be served upon: (1) the Attorney General or a person designated by the Attorney General to receive service of process at the Office of the Attorney General in Carson City; *and* (2) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process. *See* Fed. R. Civ. P. 4(j)(2) (providing that a plaintiff may serve a state by either delivering a copy of the summons and complaint to the state's chief executive officer or by serving a copy of each in the manner prescribed by that state's laws). Because Nevada requires two forms of service, the Court will send two copies of the summons and complaint to the USMS.

[2] Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, he is entitled to rely on the USMS for service. *See* Fed. R. Civ. P. 4(c)(3).

[3] The USM-285 form is also available at: https://www.usmarshals.gov/resources/forms/usm-285-us-marshals-process-receipt-and-return.

**IT IS FURTHER ORDERED** that upon receipt of the issued summonses, the USM-285 forms, and the copies of the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the USMS shall attempt service upon the Defendants.

**IT IS FURTHER ORDERED** that, within twenty days after receiving from the USMS a copy of the form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the Defendant was served. If Plaintiff wishes to have service again attempted on Defendant, he must file a motion with the Court identifying the Defendant and specifying a more detailed name and/or address for that Defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 20, 2024** to accomplish service on Defendant under Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon the Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or counsel for Defendant. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED: August 22, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE